IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1)  SHANE SMALL, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No.  20-CV-00229-GKF-JFJ |
| | ) |
| (1) CLASSIC TULSA C, LLC, a foreign limited liability company, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

The Petitioner, Classic Tulsa C, LLC, Defendant in the above-captioned case, hereby appears[1] and gives notice of its removal of this action from the District Court of Tulsa County, State of Oklahoma, to the United States District Court for the Northern District of Oklahoma. This removal is made pursuant to 28 U.S.C. §§ 1441 and 1446. In support of removal, Defendant states as follows:

1. On May 4, 2020, Plaintiff, Shane Small, filed suit against Defendant in Tulsa County District Court, Case No. CJ-2020-01497, styled *Shane Small, an individual versus Classic Tulsa C, LLC, a foreign limited Liability company*. (Petition, Exhibit 1).

2. Summons and Petition were served on Defendant via service on the Oklahoma Secretary of State on May 11, 2020. (Summons, Exhibit 2).  Defendant received a copy of the Summons and Petition from the Oklahoma Secretary of State on May 15, 2020.

3. In his Petition, Plaintiff asserts two claims. Plaintiff's first claim is brought pursuant

---

[1] In making this appearance, Defendant does not waive, and expressly reserves, any and all rights and defenses pursuant to state and federal law.

to the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq*. (hereinafter "FMLA"). (Petition, ¶¶ 1, 30-31, Exhibit 1). Plaintiff's second claim is for alleged Intentional Infliction of Emotional Distress. (Petition, ¶¶ 32-34, Exhibit 1).

4. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's FMLA claim. *See Davis v. BOKF NA*, 2018 WL 438923, *2 (N.D. Okla. 2018) ("A defendant may remove a case from state court if the case falls within the original jurisdiction of the federal courts, and an FMLA claim arises under federal law and may be heard in federal court pursuant to 28 U.S.C. § 1331.").

5. Pursuant to 28 U.S.C. § 1367, this court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "Claims form part of the same case or controversy when they 'derive from a common nucleus of operative facts.'" *Obeid v. Meridian Auto. System*, 296 F.Supp.2d 751, 753(E.D. Mich. 2003); *accord White v. County of Newberry, S.C.*, 985 F.2d 168, 172 (4th Cir. 1993) (recognizing that claims form part of the same case or controversy if they "revolve around a central fact pattern").

6. The facts alleged by Plaintiff in support of his two claims derive from a common nucleus of operative facts and therefore form part of the same case or controversy. Specifically, Plaintiff's Petition includes a section titled "FACTS COMMON TO ALL COUNTS." That section is followed by Plaintiff's "First Claim" for alleged violation of FMLA, and followed by his "Second Claim" for alleged Intentional Infliction of Emotional Distress. Each of the two claims expressly incorporate the same preceding alleged facts which Plaintiff expressly characterizes as "facts common to all counts." (Petition, Exhibit 1).

7.     Therefore, this Court has supplemental jurisdiction over Plaintiff's claim for Intentional Infliction of Emotional Distress and this entire action is removable pursuant to 28 U.S.C. § 1441 (a) and § 1367 (a).

8.     Plaintiff is a resident and citizen of the State of Oklahoma, residing in Tulsa County, Oklahoma. (Petition, ¶ 1, Exhibit 1). Defendant's principal place of business is in Tulsa County, Oklahoma. Accordingly, venue is proper with this Court.

9.     A copy of the Summons served upon Defendant via service on the Secretary of State on May 11, 2020, is attached as Exhibit 2. Pursuant to 28 U.S.C. § 1446(b), this notice of removal is filed within 30 days after receipt by the Defendant of Plaintiff's Summons and Petition.

10.    Copies of all process, pleadings, and Orders served upon Defendant have been attached hereto as Exhibits 1 and 2. Pursuant to LCvR 81.2, a copy of the State Court docket sheet is attached as Exhibit 3.

**WHEREFORE,** Defendant, Classic Tulsa C, LLC, prays that this action be removed.

Dated this 26th day of May, 2020.

Respectfully submitted,

**ATKINSON, HASKINS, NELLIS, BRITTINGHAM, GLADD & FIASCO**
A PROFESSIONAL CORPORATION

  /s/ Carol J. Allen
Carol J. Allen, OBA #18255
Michael P. Atkinson, OBA #374
1500 ParkCentre
525 South Main
Tulsa, OK 74103-4524
Telephone:  (918) 582-8877
Facsimile:  (918) 585-8096

**Certificate of Service**

       I hereby certify that on May 26th, 2020, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Daniel E. Smolen - danielsmolen@ssrok.com
Smolen & Roytman, PLLC
701 South Cincinnati Avenue
Tulsa, OK 74119

                                            /s/ Carol J. Allen