# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) SHANE SMALL, | ) |
|               Plaintiff, | ) |
| vs. | ) Case No. 20-CV-00229-GKF-JFJ |
| (1) CLASSIC TULSA C, LLC, a foreign Limited Liability Company, | ) |
|               Defendant. | ) |

## DEFENDANT, CLASSIC TULSA C, LLC'S
## ANSWER TO PLAINTIFF'S PETITION

**COMES NOW** the Defendant, Classic Tulsa C, LLC ("Defendant") by and through its attorneys of record, Carol J. Allen, Michael P. Atkinson and Kristopher K. McVay of the law firm of Atkinson, Haskins, Nellis, Brittingham, Gladd & Fiasco of Tulsa, Oklahoma, and for its Answer to Plaintiff's Petition states as follows:

### PARTIES, JURISDICTION and VENUE

1. With respect to the allegations in paragraph 1 of Plaintiff's Petition, Defendant admits that Plaintiff purports to set forth that he seeks damages for an alleged deprivation of rights secured by the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et. seq.*, (hereinafter "FMLA"), but in so doing, Defendant denies that it violated any provision of the FMLA and further denies that Plaintiff is entitled to any damages for said alleged deprivation of rights and demands strict proof thereof.

2. With respect to the allegations in paragraph 2 of Plaintiff's Petition, Defendant admits that Plaintiff was an at-will employee of Defendant during a specific time period not identified in said paragraph. Defendant is without sufficient knowledge to admit or deny the remaining

allegations in paragraph 2 and therefore denies same.

3. Defendant admits the allegations in Paragraph 3 of Plaintiff's Petition.

4. With respect to the allegations in Paragraph 4 of Plaintiff's Petition, Defendant denies that Plaintiff suffered any injuries. Defendant admits that the alleged incidences that are the subject of this dispute occurred in Tulsa County, Oklahoma.

5. With respect to the allegations in paragraph 5 of Plaintiff's Petition, Defendant removed this action to the Northern District of Oklahoma from the District Court of Tulsa County based upon Federal Question and admits that this Court has jurisdiction and venue is proper as indicated in the removal documents filed herein.

## FACTS COMMON TO ALL COUNTS

6. In response to the allegations in paragraph 6 of Plaintiff's Petition, Defendant realleges and incorporates its responses to paragraphs 1 through 5 above as if fully set forth herein.

7. Defendant admits the allegations in paragraph 7 of Plaintiff's Petition.

8. With respect to the allegations in paragraph 8 of Plaintiff's Petition, Defendant lacks information as to the meaning of "Classic Chevrolet network" as used by Plaintiff since the words are undefined and therefore denies the allegations.

9. Defendant denies the allegations in paragraph 9 of Plaintiff's Petition.

10. Defendant denies the allegations in paragraph 10 of Plaintiff's Petition.

11. Defendant denies the allegations in paragraph 11 of Plaintiff's Petition.

12. Defendant denies the allegations in paragraph 12 of Plaintiff's Petition.

13. Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 13 of Plaintiff's Petition and therefore denies same.

14. Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 14 of Plaintiff's Petition and therefore denies same.

15. Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 15 of Plaintiff's Petition and therefore denies same.

16. Defendant denies the allegations in paragraph 16 of Plaintiff's Petition.

17. Defendant denies the allegations in paragraph 17 of Plaintiff's Petition.

18. With respect to the allegations in paragraph 18 of Plaintiff's Petition, Defendant is without sufficient information or knowledge to admit or deny the allegations with respect to "Plaintiff's diverticulitis persisted, he had another flare up and that his physician recommended surgery" and therefore denies same. Defendant denies the remaining allegations in paragraph 18 of Plaintiff's Petition.

19. Defendant denies the allegations in paragraph 19 of Plaintiff's Petition.

20. Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 20 and therefore denies same.

21. Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 21 and therefore denies same.

22. Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 22 and therefore denies same.

23. Defendant denies the allegations in paragraph 23 of Plaintiff's Petition.

24. Defendant denies the allegations in paragraph 24 of Plaintiff's Petition.

25. Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 25 of Plaintiff's Petition and therefore denies same.

26. Defendant denies the allegations in paragraph 26 of Plaintiff's Petition.

27. Defendant denies the allegations in paragraph 27 of Plaintiff's Petition.

28. Defendant denies the allegations in paragraph 28 of Plaintiff's Petition.

29. With respect to the allegations in paragraph 29 of Plaintiff's Petition, Defendant is without sufficient knowledge or information to know what Plaintiff's beliefs are and therefore denies same. Defendant denies that Plaintiff was denied FMLA leave for which he was entitled and further denies that Plaintiff was retaliated against for requesting FMLA leave and demands strict proof thereof.

## FIRST CLAIM FOR RELIEF
## INTERFERENCE AND RETALIATION IN VIOLATION OF
## FMLA (29 U.S.C. §2615(a)(1) and (2))

30. In response to the allegations in paragraph 30 of Plaintiff's Petition, Defendant realleges and incorporates its responses to paragraphs 1 through 29 above as if fully set forth herein.

31. Defendant denies the allegations in paragraph 31 of Plaintiff's Petition and demands strict proof thereof. Defendant further denies that Plaintiff is entitled to any relief requested in his prayer for relief contained in paragraph 31 a. through d.

## SECOND CLAIM FOR RELIEF
### Intentional Infliction of Emotional Distress

32. In response to the allegations in paragraph 32 of Plaintiff's Petition, Defendant realleges and incorporates its responses to paragraphs 1 through 31 above as if fully set forth herein.

33. Defendant denies the allegations in paragraph 33 of Plaintiff's Petition and demands strict proof thereof.

34. Defendant denies the allegations in paragraph 34 of Plaintiff's Petition and demands strict proof thereof. Defendant further denies that Plaintiff is entitled to any relief requested in his prayer for relief contained in Paragraph 34 a. through e.

35. Defendant denies that Plaintiff is entitled to any relief requested in his prayer for relief.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Petition fails to state a claim upon which relief may be granted because Plaintiff cannot demonstrate that Defendant interfered with any rights under the FMLA, or retaliated against him, and therefore should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

2. Defendant denies each and every allegation of Plaintiff's Petition alleging improper action by this Defendant.

3. Plaintiff's Petition fails to state a claim upon which relief may be granted because Plaintiff cannot demonstrate that he is entitled to any FMLA leave, and therefore should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

4. Plaintiff's claims for relief are barred due to his failure to satisfy condition precedent.

5. Plaintiff was not entitled to FMLA leave because he failed to request FMLA leave as required and failed to provide Defendant with information sufficient to determine whether he suffered from a serious health condition as required by the FMLA.

6. Plaintiff's claims are barred due to his failure to give timely and sufficient notice of the need for leave as required by the FMLA.

7. Plaintiff did not suffer from a serious health condition entitling him to FMLA leave.

8. Plaintiff's mother did not suffer from a serious health condition entitling him to FMLA leave.

9. Plaintiff's claims for relief are barred due to the lack of causal connection between the adverse employment action taken and any activity protected under the FMLA.

10. The FMLA provides Plaintiff with an adequate remedy, therefore his state law claim is precluded and preempted.

11. Plaintiff's claims are barred because he failed to provide a medical certification issued by a Health Care Provider as required under 29 U.S.C. § 2613 of the FMLA.

12. Plaintiff's claims are barred due to Defendant's legitimate, non-retaliatory reasons for terminating Plaintiff.

13. Plaintiff's claims are barred due to his own conduct.

14. Plaintiff failed to provide Defendant with timely information requesting FMLA leave and such information necessary to determine if Plaintiff was entitled to leave under the FMLA.

15. Plaintiff's claims are barred in whole or in part due to his own unclean hands.

16. Plaintiff's claims are barred by equitable estoppel, laches and/or waiver.

17. Plaintiff's claims are barred due to unjust enrichment.

18. Plaintiff's claims and requests for damages are barred because at all times relevant, Defendant acted in good faith and without retaliatory intent toward Plaintiff and had reasonable grounds for believing that any act or omission was not a violation of the FMLA.

19. Plaintiff's claims fail to the extent they rely on the alleged violations being knowing, intentional, or willful, because Plaintiff cannot show that Defendant knowingly, intentionally or willfully engaged in any violations.

20. Defendant denies that Plaintiff has suffered any damages but if Plaintiff has, Plaintiff has failed to properly mitigate his damages, if any.  At a minimum, any damages must be offset and reduced by any and all amounts (including any insurance payment or other amounts received from individuals or companies), which Plaintiff earned or could have earned with due diligence.

21. Defendant's actions related to Plaintiff were consistent with its workplace policies; Defendant maintained policies prohibiting illegal retaliation and interference.

22. Defendant did not deny Plaintiff any appropriate leave under the FMLA.

23. Defendant did not interfere with Plaintiff's right to take leave under the FMLA.

24. Defendant reserves the right to plead the doctrine of after-acquired evidence which may serve to bar or limit Plaintiff's claims.

25. Some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

26. Any damages or harm suffered by the Plaintiff, which Defendant denies, were caused by the acts and omissions of the Plaintiff himself.

27. Plaintiff has not incurred or suffered any damages for which he is entitled to any recovery or relief against this Defendant.

28. Plaintiff's claims lack any basis in fact and, thereby, subject Plaintiff to an award of attorneys' fees to Defendant.

29. Plaintiff is not entitled to interest, costs or attorney fees.

30. Defendant is entitled to recover its reasonable attorneys' fees, experts' fees, costs, and expenses upon prevailing on any or all of the claims alleged in the Petition, to the extent that such recovery is allowed under the law.

31.     Plaintiff cannot recover punitive damages as alleged under the FMLA. 29 U.S.C. § 1617(a)(1).

32.     Plaintiff cannot recover any amount for "mental anguish, pain and suffering and other pecuniary losses" as alleged; that is not the standard under which liquidated damages are awarded. 29 U.S.C. § 1617(a)(1)(A)(iii).

33.     Plaintiff cannot prove any conduct on the part of Defendant that would warrant the imposition of liquidated damages.

34.     Plaintiff cannot recover punitive, liquidated, or exemplary damages against Defendant because Plaintiff has failed to plead and cannot establish facts sufficient to support allegations of willful, intentional, and malicious acts or conduct in reckless disregard of Plaintiff's rights to support such an award under applicable law.

35.     Plaintiff fails to plead punitive damages with the required specificity.

36.     Plaintiff's allegations and prayer for punitive damages as against this Defendant is improper as under both the federal causes of action pled and the state causes of action asserted.

37.     The Plaintiff's claim for punitive damages is unconstitutional and violates the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of Article 2, Section 7 of the Oklahoma Constitution for the following reasons:

(a) the standards under which such claims are submitted are so vague as to be effectively meaningless and threaten a deprivation of property for the benefit of society without the protection of fundamentally fair procedures;

(b) the highly penal nature of punitive damages threatens the possibility of excessive punishment and almost limitless liability without the benefit of fundamentally fair procedures or any statutory limitations;

(c) the introduction of evidence of Defendant's financial worth is so prejudicial as to impose liability and punishment in a manner bearing no relation to the extent of any injury allegedly inflicted or to any benefit to Defendant from any alleged wrongdoing and, therefore, any verdict would be the result of bias and prejudice in a fundamentally unfair manner.

Plaintiff's claim for punitive damages constitutes an unconstitutional excessive fine under Article 2, Section 9 of the Oklahoma Constitution because such highly penal sanctions may be imposed for the benefit of society under standards so vague and effectively meaningless as to threaten unlimited punishment bearing no relation to the extent of any injury allegedly inflicted at the unbridled discretion of the jury.

38.   Defendant reserves the right to assert additional affirmative or other defenses available under the Federal Rules of Civil Procedure, and/or state or federal law, and/or supplement this Answer in the event discovery indicates they are appropriate.

**WHEREFORE**, Defendant, Classic Tulsa C, LLC, prays this Court dismiss Plaintiff's Petition in its entirety, deny to Plaintiff the relief requested therein, grant judgment in favor of Defendant against the Plaintiff, on all claims raised in the Petition, and further award to Defendant any and all legal or equitable relief to which it may be entitled, including its costs of defense and reasonable attorneys fees.

**JURY TRIAL DEMANDED**.

Respectfully submitted,

**ATKINSON, HASKINS, NELLIS,
BRITTINGHAM, GLADD & FIASCO**
A PROFESSIONAL CORPORATION

/s/ Carol J. Allen
Carol J. Allen, OBA No. 18255
Michael P. Atkinson, OBA No. 374
525 South Main Street, Suite 1500
Tulsa, Oklahoma 74103-4524
Telephone: (918) 582-8877
Facsimile: (918) 585-8096
*Attorneys for Defendant Classic Tulsa C, LLC*

## CERTIFICATE OF MAILING

I hereby certify that on the 27th day of May, 2020, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Daniel E. Smolen - danielsmolen@ssrok.com
701 South Cincinnati Avenue
Tulsa, OK 74119
*Attorney for Plaintiff*

/s/ Carol J. Allen

S:\Files\337\340\answer-cja.wpd